## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**PAMELA CAMPBELL** *and*
**STACIE GRAY,**

Plaintiffs,

       v.

**WATERS OF MEMPHIS, A REHABILITATION
& NURSING CENTER, LLC.,**

Defendant.

Civil Case No. _____

**JURY TRIAL DEMANDED**

### COMPLAINT FOR VIOLATIONS OF
### THE FAIR LABOR STANDARDS ACT

Plaintiffs Pamela Campbell and Stacie Gray ("Plaintiffs"), brings this action against Waters of Memphis, A Rehabilitation & Nursing Center, LLC ("Defendant") and alleges as follows:

### I.   INTRODUCTION

1. This lawsuit is brought against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff.

2. For at least three (3) years prior to the filing of this action, Defendant willfully committed violations of the FLSA.

## II.  JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant in this district during all times material to this action. Moreover, Defendant regularly conducted and continues to conduct business in this district, and has engaged in FLSA violations in this district during all material times in this cause.

## III.  PARTIES

5. Plaintiff Pamela Campbell was employed by Defendant as an hourly-paid assistant business manager within this district during the applicable statutory limitations period herein.

6. Plaintiff Stacie Gray was employed by Defendant as an hourly-paid assistant business manager within this district during the applicable statutory limitations period herein.

7. Defendant, Waters of Memphis, A Rehabilitation & Nursing Center, LLC, is a Tennessee corporation with its principal offices located at 3624 Park Ave., Memphis, Tennessee 38111-5630. Defendant's registered agent for service of process is Charles W. Hill, 6000 Poplar Avenue Suite 400, Memphis, Tennessee 38119-3955.

## IV.  COVERAGE

8. Plaintiff has been an "employee" of Defendant, as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

9. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Complaint.

10. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce, in the production of goods in interstate commerce, and/or its employees have been engaged in interstate commerce on its behalf.

## V.   FACTUAL ALLEGATIONS

11. Defendant is a rehabilitation and assisted living nursing center in Memphis, Tennessee.

12. Plaintiffs have been employed by Defendant as hourly-paid assistant business managers within the last three (3) years.

13. Plaintiffs routinely worked in excess of forty (40) hours per week within weekly pay periods during all times material herein without being compensated for all such overtime hours at the applicable FLSA overtime compensation rate of pay.

14. Defendant had a policy of automatically deducting 30 minutes per shift from the compensable time of Plaintiffs for a 30-minute lunch break.

15. However, Plaintiffs were not relieved from their job duties to attend to their sanitary, dietary, personal and other needs during such 30-minute lunch period during all times material to this action.

16. As such, Plaintiffs were not free to enjoy their 30-minute lunch breaks.

17. Plaintiffs were not compensated for working through their 30-minute lunch periods at the applicable FLSA overtime rate of pay within weekly pay periods during all times material.

18. Defendant did not have a policy, plan, or practice to ensure that Plaintiffs received the

automatically deducted 30-minute meal break.

19. Defendant was aware that Plaintiffs were not receiving all of their earned overtime compensation within weekly pay periods during all times material to this action.

20. Therefore, Plaintiffs are entitled to receive from Defendant unpaid overtime compensation for all hours worked in excess of 40 per week within weekly pay periods during all times material to this action.

21. Defendant failed to keep timely and accurate payroll records related to Plaintiffs during all times material herein.

22. Defendant willfully and, with reckless disregard to the FLSA's established requirements, failed to compensate Plaintiffs at the applicable FLSA overtime rates of pay for the aforementioned unpaid, automatically deducted, 30-minute meal break within weekly pay periods during all times material to this Action

23. The net effect of Defendant's failure to pay Plaintiffs for all hours worked in excess of forty (40) per week at the applicable FLSA overtime compensation rate of pay, was a scheme to save on payroll costs and payroll taxes for which Defendant has enjoyed ill-gained profits at the expense of Plaintiff.

24. Although at this stage Plaintiffs are unable to state the exact amount owed to them, they believe such information will become available through the discovery process. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony, and the burden of proof of overcoming such testimony shifts to the employer.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

25. Plaintiffs repeat and re-allege Paragraphs 1 through 24 above as if they were set forth fully herein.

26. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

27. At all times relevant herein, Defendant has employed Plaintiffs as "employees" within the meaning of the FLSA.

28. Defendant failed to pay Plaintiffs the applicable FLSA overtime rate of pay (at not less than one and one-half times her regular hourly rate of pay) for all hours worked over forty (40) per week within weekly pay periods during all times relevant, as previously described.

29. At all times relevant herein, Defendant had actual knowledge of refusing to pay Plaintiffs fully for all hours worked in excess of forty (40) per week at the applicable FLSA overtime rates of pay.

30. Defendant failed to keep timely and accurate payroll records of Plaintiffs' overtime hours.

31. Defendant acted willfully, with reckless disregard to clearly established FLSA overtime requirements, and without a good faith basis, in its failure to pay Plaintiffs overtime compensation for all hours worked over forty (40) per week within applicable weekly pay periods during all times relevant to this action.

32. As a result of Defendant's willful failure to compensate Plaintiffs fully at the applicable overtime rates of pay for all hours worked in excess of forty (40) within applicable weekly pay periods, it has violated the FLSA, 29 U.S.C. § 255(a).

33. Due to Defendant's willful FLSA violations and lack of a good faith basis, as described above, Plaintiffs seek to recover from Defendant compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREAS, Plaintiffs requests this Court to grant the following relief against Defendant:

A. On Count I, an award of compensation for unpaid overtime hours (back pay) to Plaintiffs;

B. On Count I, an award of liquidated damages to Plaintiffs;

C. On Count I, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs;

D. On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs;

E. On Count I, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

F. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated:  October 31, 2023.               Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
James L. Holt, Jr. (TN BPR #12123)
J. Joseph Leatherwood IV (TN BPR #39490)

**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jholt@jsyc.com*
*jleatherwood@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***
